## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## BROWARD DIVISION

TERESA SCHIFFBAUER,                                    CASE NO.: 0:22-cv-60655

      Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager,

      Defendants.

_____/

## DEFENDANTS WAL-MART INC. AND
## WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendants, Wal-Mart Inc. incorrectly named as Wal-Mart Stores, Inc. and Wal-Mart

Stores East, LP ("Wal-Mart"), through undersigned counsel and pursuant 28 U.S.C. §§ 1332, 1441

and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, remove to this Court the

action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE

22-002587, with full reservation of rights, exceptions and defenses, and in support thereof state:

## FACTUAL BACKGROUND

1.     On February 23, 2022, Plaintiff commenced this action by filing a complaint

against Wal-Mart and Krystal Clevenger ("Klevenger") in the 17th Judicial Circuit in and for

Broward County, Florida.

2.     Wal-Mart was served on March 1, 2022. Klevenger was served on March 16, 2022.

3.     On March 16, 2022, Wal-Mart Stores East, LP filed its Answer and Affirmative

Defenses to the Complaint.

CASE NO.: 0:22-cv-60655

4.      On March 17, 2022, Walmart Inc. incorrectly named as Wal-Mart Stores, Inc. filed a Motion to Dismiss the Complaint.

5.      Klevenger's response to the Complaint is due on April 5, 2022.

6.      Plaintiff's Complaint against Wal-Mart and manager Klevenger is for claims sounding in negligence as a result of injuries which she allegedly sustained on October 15, 2020, arising from an incident at the Wal-Mart located at 5555 W. Atlantic Blvd., Margate, Florida. *See* Plaintiff's Complaint attached as **Exhibit A**, ¶¶9-13.

7.      Plaintiff alleges that she "suddenly felt burning in both her hands after picking up a car battery. The cap of the battery was unattached resulting in serious and permanent injuries to her body." *Id.* at ¶9.

8.      Plaintiff's Complaint names manager Klevenger but fails to allege that Klevneger caused the dangerous condition which injured Plaintiff.

9.      As to Wal-Mart, Plaintiff alleges that Wal-Mart failed to (1) properly maintain products to make sure they were safe, (2) exercise reasonable care in the inspection of products, (3) exercise reasonable care in inspecting the car battery, and (4) warn Plaintiff of the dangerous condition. Plaintiff also alleges that the dangerous condition was regular and reoccurring. *Id.* at ¶16 (a)-(e).

10.     As for manager Klevenger, Plaintiff alleges that she "negligently failed to exercise reasonable care relating to the aforesaid department while under her control in that her failure to take reasonable precautions to maintain said premises in a safe condition." *Id.* at ¶25.

11.     Klevenger was not even working at the store on the date of the incident. *See* Krystal Klevenger's Declaration attached as **Exhibit B**.

CASE NO.: 0:22-cv-60655

12.     On October 15, 2020, the date of Plaintiff's incident, Klevenger was not employed at the subject store. Instead, she was employed at Wal-Mart store #710 located at 4424 Lebanon Pike, Hermitage, TN. *Id.* at ¶¶5-6.

13.     Klevenger does not, and has not at any time, owned, controlled or operated the subject store in her individual capacity. *Id.* at ¶7. She did not witness Plaintiff's incident. *Id.* at ¶8. She did not personally participate in the events leading up to Plaintiff's incident, nor did she engage in tortious conduct. *Id.* at ¶9. Klevenger did not create the allegedly dangerous condition that caused Plaintiff's incident. *Id.* at ¶10. She did not personally leave the allegedly dangerous condition that caused Plaintiff's incident. *Id.* at ¶11. She did not have knowledge of any employee or customer creating the allegedly dangerous condition that caused Plaintiff's incident. *Id.* at ¶¶12, 13. Klevnger did not have any knowledge the dangerous condition prior to Plaintiff's incident, nor did she observe it before Plaintiff's incident. *Id.* at ¶¶14, 15. She was not in the area prior to Plaintiff's incident, nor was she in the area at the time of the incident. *Id.* at ¶16. Klevenger did not participate in the investigation of Plaintiff's incident. *Id.* at ¶17.

14.     To be clear, on the date of Plaintiff's incident, Klevenger did not reside in Florida and was employed at the Wal-Mart store located in Hermitage, TN. *Id.* at ¶18.

15.     Plaintiff's Complaint *fails to allege any facts indicating that Klevenger was negligent by actively participating* in and committing any tort to cause Plaintiff's incident. Furthermore, the Complaint fails to allege that Klevenger was working in the store at the time of the incident. As a matter of fact, on the date of the incident, she was not even living in Florida. She was working at a Wal-Mart store in Hermitage, TN. *Id.* at ¶¶5,6. There are no allegations within the Complaint indicating that Klevenger *actively* brought about Plaintiff's incident – nor can Plaintiff make such allegations.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 0:22-cv-60655

16.     As shown more fully below, it is evident that Plaintiff's Complaint fails to allege any facts that Klevenger had any active participation and active involvement in the alleged incident. *See* Ex. B. Rather, Plaintiff joined Klevenger to this lawsuit solely to destroy diversity jurisdiction.

17.     Plaintiff is a resident of Broward County, which is the county where the incident occurred. *See,* Ex. A at ¶2.  It is well-established that residency is *prima facie* evidence of domicile, which is equivalent to citizenship for purposes of diversity of citizenship.

18.     In her pre-suit demand letter dated November 15, 2021, Plaintiff offered to settle this claim for $400,000.00. *See* Plaintiff's Pre-Suit Demand Letter attached as **Exhibit C**.

19.     This action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

20.     Wal-Mart requests this Court disregard the citizenship of Klevenger when determining that diversity jurisdiction exists in this case and to dismiss Klevenger as she did not actively participate in bringing about Plaintiff's incident. Nor does the Complaint allege *any facts* indicating that Klevenger actively participated in bringing about Plaintiff's incident.

21.     Wal-Mart attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County, Florida together with a docket sheet from the Clerk of Court. *See* The state court docket filings are attached as **Composite Exhibit D**.

22.     Wal-Mart attaches the Civil Cover Sheet as **Exhibit E**.

23.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 0:22-cv-60655

## REMOVAL IS TIMELY

24.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Complaint, the pleading setting forth the claim for relief upon which Plaintiff's action is based.

25.     The thirty-day period commenced on March 1, 2022, when Plaintiff served the Complaint on Wal-Mart.

26.     Prior to service of the Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining her claimed damages in connection with her alleged incident. *See* Ex. C.

27.     Venue exists in the United States District Court for the Southern District of Florida, Broward Division, because the 17th Judicial District in and for Broward County, where Plaintiff filed her state court Complaint, is located within the United States District Court for the Southern District of Florida, Broward County, Florida.

## DIVERSITY OF CITIZENSHIP

28.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

### A.  Citizenship of Wal-Mart Stores East, LP

29.     At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as **Exhibit F**. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the

CASE NO.: 0:22-cv-60655

Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Walmart Inc. Walmart Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Walmart Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above-mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Walmart Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

### B.  Citizenship of Walmart Inc.

30.     Walmart Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Walmart Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business is, and was at the time of filing the Complaint, Bentonville, Arkansas. *See* SunBiz Report attached as **Exhibit G.**

### C.  Citizenship of Plaintiff Teresa Schiffbauer

31.     Plaintiff is a resident of Broward County, Florida. *See* Ex. A. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

### D.  Complete Diversity Between the Parties Exists Because Krystal Clevenger was Fraudulently Joined to Defeat Diversity Jurisdiction.

32.     The citizenship of co-defendant Klevenger should be disregarded because she was fraudulently joined in an attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v.*

CASE NO.: 0:22-cv-60655

*Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, ECF No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019). *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020).

33.     Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co.*, 663 F.3d at 1332. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

34.     The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

35.     The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must

CASE NO.: 0:22-cv-60655

dismiss the non-diverse defendant and deny any motion to remand the matter back to state court."

*Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007)

36.     Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment – ***he or she must be actively negligent.***" *Id* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that ***[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character***")).

37.     In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The defendant removed the case seeking to invoke diversity jurisdiction. *Id* at *1. Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of Miami-Dade County. *Id* at *2. In denying plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege any individual duty was owed or that the tort in question was committed in the store manager's individual capacity. *Id*. at *4-6.

38.     *In Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virgina Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the

CASE NO.: 0:22-cv-60655

plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id.* Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id.* The court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that ***a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title.*** *See id.* (citing *Orlovsky*, 405 So. 2d at 1364).

39.      Similarly, in *Pritchard,* the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one of its store manager in state court alleging claims of negligence and loss of consortium. *Id.* at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,1 and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the

---

1 Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

CASE NO.: 0:22-cv-60655

maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

40.     Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* Judge Moreno dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fla. March 10, 2016).

41.     In a factually similar case, *Edman v Wal-Mart,* the plaintiff alleged that she was struck in the back by a stock cart while she was shopping at a Wal-Mart store. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at D.E. 20 and DE. 21, (S.D. Fla. May 6, 2019). The plaintiff sued both Wal-Mart and the store manager, Michael Gillespie. *Id.* The Honorable

CASE NO.: 0:22-cv-60655

Judge Middlebrooks granted Michael Gillespie's Motion to dismiss [at ECF No. 21] as the plaintiff's complaint failed to allege that Michael Gillespie actively participated in bringing about the Plaintiff's incident, and subsequently denied Plaintiff's Motion to Remand. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at DE. 21, (S.D. Fla. May 6, 2019).

42. In *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020), the plaintiff likewise filed a lawsuit against Wal-Mart and its manager claiming negligence as a result of her being struck by a supply cart. *Id.* On Plaintiff's Motion for Remand, the Court held that even though the store manager was on duty at the time of the Plaintiff's incident, Plaintiff failed to state a colorable claim against the manager when she failed to show any facts proving that the manager caused the supply cart to strike her, that the manager was in the area when she was hit by a supply cart or that the manager even knew of her being hit by a supply cart. *Id.* The Court concluded that absent any showing of any personal involvement on the part of the store manager, he was fraudulently joined and denied the plaintiff's motion for remand of action to state court. *Id.*

43. In the instant case, Plaintiff fails to allege that Klevenger was personally involved in the incident. That is because Plaintiff cannot possibly prove a cause of action for negligence against her because she was not actively negligent and had no personal involvement in Plaintiff's incident. Klevenger was not even working at the store on the date of the incident. *See* Exhibit B. On October 15, 2020, the date of Plaintiff's incident, Klevenger was not employed at the subject store. Instead, she was employed at Wal-Mart store #710 located at 4424 Lebanon Pike, Hermitage, TN. *Id.* at ¶¶5-6. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v Wal-Mart Stores East, L.P.,* Case

CASE NO.: 0:22-cv-60655

No. 9:19-CV-80356-DMM, ECF No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019). *Jennifer Roman v. Wal-Mart Stores East, L.P*., 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020).

44.     Klevenger did not commit or participate in Plaintiff's alleged tort and did not play any role in Plaintiff's alleged injuries. She does not, and has not at any time, owned, controlled or operated the subject store in her individual capacity. *See* Exhibit B at ¶7. She did not witness Plaintiff's incident. *Id.* at ¶8. She did not personally participate in the events leading up to Plaintiff's incident, nor did she engage in tortious conduct. *Id.* at ¶9. Klevenger did not create the allegedly dangerous condition that caused Plaintiff's incident. *Id.* at ¶10. She did not personally leave the allegedly dangerous condition that caused Plaintiff's incident. *Id.* at ¶11. She did not have knowledge of any employee or customer creating the allegedly dangerous condition that caused Plaintiff's incident. *Id.* at ¶¶12, 13. Klevenger did not have any knowledge the dangerous condition prior to Plaintiff's incident, nor did she observe it before Plaintiff's incident. *Id.* at ¶¶14, 15. She was not in the area prior to Plaintiff's incident, nor was she in the area at the time of the incident. *Id.* at ¶16. Klevenger did not participate in the investigation of Plaintiff's incident. *Id.* at ¶17.

45.     To be clear, on the date of Plaintiff's incident, Klevenger did not reside in Florida and was employed at the Wal-Mart store located in Hermitage, TN. *Id.* at ¶18.

46.     Therefore, she had no knowledge of the alleged dangerous condition prior to Plaintiff's incident and had no involvement therewith. *See id.; see also Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

CASE NO.: 0:22-cv-60655

47.     Essentially, Plaintiff sued Klevenger because at one point (but not on the date of incident) she was one of many managers employed at the subject store. That's it. As discussed above, this is contrary to Florida law.

48.     This is particularly clear in light of the fact that Plaintiff's Complaint ***fails to allege any facts indicating Klevenger was actively negligent by actively participating*** in and committing any tort to cause Plaintiff's incident. Furthermore, the Complaint fails to allege that Klevenger was even on duty at the time of Plaintiff's incident. Plaintiff's Complaint s fails to allege that Klevenger created a dangerous condition causing Plaintiff's incident.

49.     After disregarding the fraudulently joined defendant, there can be no dispute that the citizenship of the parties is diverse.

## AMOUNT IN CONTROVERSY

50.     The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that her claimed damages exceeds the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 09-CV-60067, 2009 U.S. Dist. LEXIS 51705 at*5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

51.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS*

CASE NO.: 0:22-cv-60655

*Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

52.    "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 U.S. Dist. 51705, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

53.    In the present case, Plaintiff's $400,000.00 pre-suit demand conclusively establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. *See* Ex. C.

54.    Admittedly, Plaintiff demanded $400,000.00 to settle her claims which are inclusive of past medical expenses, future medical expenses and care, lost wages and pain and suffering. *Id*.

55.    Additionally, Plaintiff alleges damages for sustained permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or aggravation of a pre-existing condition. *See* Ex. A at ¶¶18, 23 and 26.

56.    The well-established rule adopted by the Eleventh Circuit states that Wal-Mart can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc*., 608 F.3d 759 (11th Cir.

CASE NO.: 0:22-cv-60655

2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

57.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement).

58.     Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Furthermore, a removing defendant, like Wal-Mart, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka*, 608 F.3d at 754. All that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id*. at 752.

59.     For example, in *Katz v. J.C. Penney Corp.*, the court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 U.S. Dist. LEXIS 51705 at *4. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.* Accordingly, Wal-Mart has shown by

CASE NO.: 0:22-cv-60655

a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

60.     Plaintiff's pre-suit demand letter conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. *See* Ex. C.

61.     These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

## CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

WHEREFORE, Defendants, Walmart Inc. incorrectly named as Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP, respectfully request the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE 22-002857, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Broward Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 0:22-cv-60655

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendants*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:  /s/ Christine M. Manzo
CHRISTINE M. MANZO
Florida Bar No. 52121

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on March 31, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing is being served this day on all counsel of record identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Christine M. Manzo
CHRISTINE M. MANZO

<u>**SERVICE LIST**</u>

***Attorneys for Plaintiff***

Michael L. Schwebel, Esq.
ZIMMERMAN & FRACHTMAN, P.A.
6991 N. State Road 7, 2nd Floor
Parkland, Florida 33073
(mschwebel@zimmermanfrachtman.com)
(jsinger@zimmermanfrachtman.com)