# COMPOSITE EXHIBIT "D"

## Teresa Schiffbauer Plaintiff vs. Wal-Mart Stores, Inc., et al Defendant

**Broward County Case Number:** CACE22002857
**State Reporting Number:** 062022CA002857AXXXCE
**Court Type:** Civil
**Case Type:** Neg - Premises Liability Commercial
**Incident Date:** N/A
**Filing Date:** 02/23/2022
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 21 Singer, Michele Towbin

### — Party(ies)

Total: 4

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Schiffbauer, Teresa** | | ★ Schwebel, Michael L, ESQ.<br>Retained<br>Bar ID: 51544<br>Zimmerman & Frachtman P.A.<br>6991 N. State Road 7, 2nd Floor<br>Parkland, FL 33073<br>**Status: Active** |
| Defendant | **Wal-Mart Stores, Inc.**<br><br>*Doing Business As*<br>**Walmart Supercenter** | | ★ Manzo, Christine M<br>Retained<br>Bar ID: 52121<br>Liebler, Gonzalez & Portuondo<br>Courthouse Tower, 25th Floor<br>44 West Flagler Street<br>Miami, FL 33130<br>**Status: Active** |

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Defendant | **Wal-Mart Stores East, LP** | | ★ Manzo, Christine M<br>Retained<br>Bar ID: 52121<br>Liebler, Gonzalez & Portuondo<br>Courthouse Tower, 25th Floor<br>44 West Flagler Street<br>Miami, FL 33130<br>**Status: Active**<br><br>Neville, Nicholas G.<br>Retained<br>Bar ID: 123893<br>LIEBLER, GONZALEZ & PORTUONDO<br>Courthouse Tower - 25th Floor<br>44 W Flagler St<br>Miami, FL 33130<br>**Status: Active** |
| Defendant | **Clevenger, Krystal** | | |

## ➖ Disposition(s)

Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## ➖ Event(s) & Document(s)

Total: 19

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 03/31/2022 | **Notice of Cancellation** | | 📄 | 2 |
| 03/24/2022 | **Notice** | DEFENDANT'S NOTICE OF SERVING DISCOVERY REQUESTS TO PLAINTIFF | 📄 | 2 |

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 03/21/2022 | **Summons Returned Served** | 03-16-2022<br>Party: *Defendant* Clevenger, Krystal | 📄 | 1 |
| 03/17/2022 | **Motion to Dismiss** | COMPLAINT<br>Party: *Defendant* Wal-Mart Stores, Inc. | 📄 | 4 |
| 03/17/2022 | **Reply to Affirmative Defenses** | | 📄 | 1 |
| 03/17/2022 | **Notice of Hearing** | | 📄 | 2 |
| 03/16/2022 | **Answer & Affirmative Defenses** | TO COMPLAINT<br>Party: *Defendant* Wal-Mart Stores East, LP | 📄 | 8 |
| 03/10/2022 | **Notice of Appearance** | Party: *Defendant* Wal-Mart Stores, Inc. *Defendant* Wal-Mart Stores East, LP | 📄 | 2 |
| 03/10/2022 | **Notice of Filing Designation of Emailing Addresses** | | 📄 | 2 |
| 03/08/2022 | **Summons Returned Served** | on Wal-Mart Stores, Inc. d/b/a Walmart Supercenter do CT Corporation System, Registered Agent, 1200 S. Pine Island Road, Plantation, FL 33324 on the 1st day of March, 2022 at 1:10 pm | 📄 | 1 |
| 03/08/2022 | **Summons Returned Served** | Wal-Mart Stores, East, LP c/o CT Corporation System, Registered Agent, 1200 S. Pine Island Road, Pl ntation, FL 33324 on the 1st day of March, 2022 at 1:10 pm, | 📄 | 1 |
| 02/25/2022 | **Clerk's Certificate of Compliance W-2020-73CIV/2020-74-UFC** | none | 📄 | 1 |
| 02/25/2022 | **eSummons Issuance** | KRYSTAL CLEVENGER | 📄 | 1 |
| 02/23/2022 | **Per AOSC20-23 Amd12, Case is determined General** | | | |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 02/23/2022 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 02/23/2022 | **Complaint (eFiled)** | Party: *Plaintiff* Schiffbauer, Teresa | 📄 | 6 |
| 02/23/2022 | **eSummons Not Issued - Atty advised** | | 📄 | 2 |
| 02/23/2022 | **eSummons Issuance** | Party: *Defendant* Wal-Mart Stores East, LP | 📄 | 1 |
| 02/23/2022 | **eSummons Issuance** | Party: *Defendant* Wal-Mart Stores, Inc. | 📄 | 1 |

---

**−**  Hearing(s)                                                    Total: 0

**There is no Disposition information available for this case.**

---

**−**  Related Case(s)                                               Total: 0

**There is no related case information available for this case.**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

TERESA SCHIFFBAUER,

     Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

     Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

     YOU ARE HEREBY COMMANDED to serve this Summons, along with a copy of the
Complaint, in this action on the Defendant:

**WAL-MART STORES, INC. D/B/A WALMART SUPERCENTER,**
**a foreign profit corporation**
**By Serving its Registered Agent:**
**CT Corporation System**
**1200 S. Pine Island Road**
**Plantation, FL 33324**

     Defendant is required to serve written defenses to the Complaint on MICHAEL L. SCHWEBEL,
ESQUIRE Plaintiff's attorney, whose address is ZIMMERMAN & FRACHTMAN, P.A., 6991 North
State Road 7, Second Floor, Parkland, FL 33073, within twenty (20) days after service of this Summons
on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of
this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do
so, a default will be entered against that Defendant for the relief demanded in the Complaint.

     WITNESS my hand and seal of the said Court.

                   DATED this_____day of February, 2022.

                   CLERK OF THE CIRCUIT COURT

FEB 25 2022

                   By:_____
                       As Deputy Clerk

BRENDA D. FORMAN

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

TERESA SCHIFFBAUER,

      Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this Summons, along with a copy of the Complaint, in this action on the Defendant:

**WAL-MART STORES, EAST, LP,**
**a foreign Limited Partnership**
**By Serving its Registered Agent:**
**CT Corporation System**
**1200 S. Pine Island Road**
**Plantation, FL 33324**

      Defendant is required to serve written defenses to the Complaint on MICHAEL L. SCHWEBEL, ESQUIRE Plaintiff's attorney, whose address is ZIMMERMAN & FRACHTMAN, P.A., 6991 North State Road 7, Second Floor, Parkland, FL 33073, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

      WITNESS my hand and seal of the said Court.

                   DATED this_____day of February, 2022.

                   CLERK OF THE CIRCUIT COURT

FEB 25 2022          By:_____
                   As Deputy Clerk

BRENDA D. FORMAN

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

TERESA SCHIFFBAUER,

     Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

     Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

     YOU ARE HEREBY COMMANDED to serve this Summons, along with a copy of the Complaint in this action on the Defendant:

     **KRYSTAL CLEVENGER c/o**
     **WAL-MART STORES, INC., d/b/a WALMART SUPERCENTER**
     **5555 W Atlantic Blvd**
     **Margate, FL 33063**

     Defendant is required to serve written defenses to the Complaint on MICHAEL L. SCHWEBEL, ESQUIRE Plaintiff's attorney, whose address is ZIMMERMAN & FRACHTMAN, P.A., 6991 North State Road 7, Second Floor, Parkland, FL 33073, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

## PERSONAL SERVICE ON A NATURAL PERSON
## IMPORTANT

     A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements.  You may want to call an attorney right away. If you do not know an attorney you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the *Plaintiff Attorney* named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibuikro de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo portegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous proteger; vous êtes obligés de déposer votre réponse écrite, avec mention du numero du dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immediats d'un avocat. Si vous ne connaissez pas d'avocats, vous pourriez telephoner à un service de reférence d'avocats ou a un bureau d'assistance juridique (figurant à l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre reponse écrite au "Plaintiff" (Plaignant ou a son avocat) nommé ci-dessous.

WITNESS my hand and seal of the said Court.

DATED this_____day of February, 2022.

CLERK OF THE CIRCUIT COURT

By:_____
     As Deputy Clerk

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

TERESA SCHIFFBAUER,

   Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

   Defendants.

_____/

## COMPLAINT

  COMES NOW Plaintiff, TERESA SCHIFFBAUER, by and through her undersigned counsel, and hereby sues the Defendants, WAL-MART STORES, INC., d/b/a WALMART SUPERCENTER, ("WAL-MART"), a foreign corporation; WAL-MART STORES EAST, LP, ("WAL-MART EAST"), and KRYSTAL CLEVENGER, as store manager, and in support thereof alleges as follows:

## GENERAL ALLEGATIONS

  1. This is an action for damages in an amount in excess of Thirty Thousand and 00/100 ($30,000.00) Dollars exclusive of interest and costs.

  2. Plaintiff, TERESA SCHIFFBAUER, is a resident of Broward County, citizens of the State of Florida and otherwise *sui juris.*

  3. At all times material hereto, the Defendant, WAL-MART, was a foreign corporation authorized to do and doing business in Broward County, Florida.

  4. At all times material hereto, the Defendant, WAL-MART EAST, was a foreign limited partnership authorized to do and doing business in Broward County, Florida.

5.      At all times material hereto, the Defendant WAL-MART, was the parent company of the Defendant, WAL-MART EAST.

6.      At all times material hereto, the Defendant, KRYSTAL CLEVENGER, was an individual residing in Broward County, Florida.

7.      Venue is proper in Broward County because the acts and omissions referred to herein occurred in Broward County, Florida.

8.      All conditions precedent to bringing this cause of action have occurred, or have been performed, excused, discharged, satisfied or waived.

9.      On or about October 15, 2020, the Defendant, WAL-MART, owned, maintained and/or controlled a Wal-Mart Store located at or near 5555 W. Atlantic Blvd, Margate, Broward County, Florida.

10.     On or about October 15, 2020, the Defendant, WAL-MART EAST, owned, maintained and/or controlled a Wal-Mart Store located at or near 5555 W. Atlantic Blvd, Margate, Broward County, Florida.

11.     On or about October 15, 2020, the Defendant, KRYSTAL CLEVENGER, managed the Wal-Mart Store located at or near 5555 W. Atlantic Blvd, Margate, Broward County, Florida.

12.     On or about October 15, 2020, TERESA SCHIFFBAUER was a business invitee on the Defendants' property and lawfully on the premises.

13.     At the aforedescribed time and place, TERESA SCHIFFBAUER while exercising due care and caution for her own safety, suddenly felt burning in both her hands after picking up a car battery. The cap of the battery was unattached resulting in serious and permanent injuries to her body.

## COUNT I- NEGLIGENCE AGAINST WAL-MART

Plaintiff, TERESA SCHIFFBAUER, re-alleges and re-avers each and every allegation as contained in paragraphs 1 through 13 as if fully set forth herein and further alleges:

14.     At all times material hereto, the Defendant, WAL-MART, by and through its agents and/or employees, owed TERESA SCHIFFBAUER a duty of reasonable care to maintain the common areas in a condition reasonably safe for their intended uses and free from all conditions which would

render them dangerous and unsafe for TERESA SCHIFFBAUER, and/or present an unreasonable risk of harm to her in her lawful use of the same.

15.     The Defendant WAL-MART owed TERESA SCHIFFBAUER a duty to warn her of the aforedescribed dangerous and unsafe condition which led to TERESA SCHIFFBAUER's injuries.

16.     The Defendant WAL-MART, by and through its employees and/or agents, breached its duty of care to TERESA SCHIFFBAUER, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to TERESA SCHIFFBAUER as hereinafter alleged more fully:

  a.  The Defendant, through its agents and/or employees, failed to properly maintain and examine the products/merchandise to make sure they were safe and secure;

  b.  The Defendant should have exercised reasonable care in the inspection of its products/merchandise;

  c.  The Defendant failed to exercise reasonable care in the, inspection, examination, and evaluation of the subject car battery so that users, including Plaintiff, would not be injured during foreseeable use;

  d.  The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed in the store; and

  e.  The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

17.     The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by TERESA SCHIFFBAUER.

18.     That as a direct and proximate result of the above-described negligence of the Defendant, WAL-MART, the Plaintiff, TERESA SCHIFFBAUER, suffered bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment.  The losses are either permanent or continuing and Plaintiff, TERESA SCHIFFBAUER, will suffer the losses in the future.

WHEREFORE, Plaintiff, TERESA SCHIFFBAUER, demands judgment for damages against the Defendant, WAL-MART in excess of Thirty Thousand Dollars ($30,000.00), together with costs and such further relief as the Court may deem appropriate.

### COUNT II- NEGLIGENCE AGAINST WAL-MART EAST

Plaintiff, TERESA SCHIFFBAUER, re-alleges and re-avers each and every allegation as contained in paragraphs 1 through 13 as if fully set forth herein and further alleges:

19.    At all times material hereto, the Defendant, WAL-MART EAST, by and through its agents and/or employees, owed TERESA SCHIFFBAUER a duty of reasonable care to maintain the common areas in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for TERESA SCHIFFBAUER, and/or present an unreasonable risk of harm to her in her lawful use of the same.

20.    The Defendant WAL-MART EAST owed TERESA SCHIFFBAUER a duty to warn her of the aforedescribed dangerous and unsafe condition which led to TERESA SCHIFFBAUER's injuries.

21.    The Defendant WAL-MART EAST, by and through its employees and/or agents, breached its duty of care to TERESA SCHIFFBAUER, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to TERESA SCHIFFBAUER as hereinafter alleged more fully:

    a.  The Defendant, through its agents and/or employees, failed to properly maintain and examine the products/merchandise to make sure they were safe and secure;

    b.  The Defendant should have exercised reasonable care in the inspection of its products/merchandise;

    c.  The Defendant failed to exercise reasonable care in the, inspection, examination, and evaluation of the subject car battery so that users, including Plaintiff, would not be injured during foreseeable use;

    d.  The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed in the store; and

    e.  The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

22.     The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by TERESA SCHIFFBAUER.

23.     That as a direct and proximate result of the above-described negligence of the Defendant, WAL-MART EAST, the Plaintiff, TERESA SCHIFFBAUER, suffered bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff, TERESA SCHIFFBAUER, will suffer the losses in the future.

WHEREFORE, Plaintiff, TERESA SCHIFFBAUER, demands judgment for damages against the Defendant, WAL-MART EAST in excess of Thirty Thousand Dollars ($30,000.00), together with costs and such further relief as the Court may deem appropriate.

**COUNT III- NEGLIGENCE AGAINST KRYSTAL CLEVENGER**

Plaintiff, TERESA SCHIFFBAUER, re-alleges and re-avers each and every allegation as contained in paragraphs 1 through 13 as if fully set forth herein and further alleges:

24.     At all times material hereto, Defendant, KRYSTAL CLEVENGER, the manager of said store identified in Paragraph 9, was in control of and responsible for said store, and as such owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises. Being in control of said store, Defendant, KRYSTAL CLEVENGER, owed a duty to TERESA SCHIFFBAUER, and other business invitees on the premises, to exercise reasonable care to maintain the aforesaid department in such manner as to avoid injury or damages to business invitees, such as TERESA SCHIFFBAUER, as a result of the actions of Defendants' agents and/or employees, more specifically in the maintenance and/or inspection of its products and/or merchandise to make sure they were safe from harm.

25.     Defendant, KRYSTAL CLEVENGER, negligently failed to exercise reasonable care relating to the aforesaid department while under her control in that her failure to take reasonable precautions to maintain said premises in a safe condition.

26.     That as a direct and proximate result of the above-described negligence of the Defendant, KRYSTAL CLEVENGER, the Plaintiff, TERESA SCHIFFBAUER, suffered bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment.  The losses are either permanent or continuing and Plaintiff, TERESA SCHIFFBAUER, will suffer the losses in the future.

WHEREFORE, Plaintiff, TERESA SCHIFFBAUER, demands judgment for damages against the Defendant, KRYSTAL CLEVENGER in excess of Thirty Thousand Dollars ($30,000.00), together with costs and such further relief as the Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted this 23rd day of February, 2022.

ZIMMERMAN & FRACHTMAN, P.A.
*Attorneys for Plaintiffs*
6991 N. State Road 7, 2nd Floor
Parkland, FL 33073
Telephone:(954) 509-1900
Facsimile:(954) 509-9910

By: */s/ Michael L. Schwebel*
    MICHAEL L. SCHWEBEL
    Florida Bar No.:  51544
    mschwebel@zimmermanfrachtman.com
    jsinger@zimmermanfrachtman.com

Filing # 144443750 E-Filed 02/23/2022 11:25:21 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Teresa Schiffbauer</u>
Plaintiff                                                     Case # _____
                                                              Judge _____

vs.

<u>Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, Krystal Clevenger</u>
Defendant

---

**II.      AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.      TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>3</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Michael Lawrence Schwebel Jr.</u>    Fla. Bar # <u>51544</u>
        Attorney or party            (Bar # if attorney)

<u>Michael Lawrence Schwebel Jr.</u>         <u>02/23/2022</u>
 (type or print name)          Date

Filing # 144648941 E-Filed 02/25/2022 03:36:47 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO: CACE-22-002857

TERESA SCHIFFBAUER,

      Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this Summons, along with a copy of the Complaint in this action on the Defendant:

             **KRYSTAL CLEVENGER**
             **c/o WALMART SUPERCENTER**
             **5555 W Atlantic Blvd**
             **Margate, FL 33063**

      Defendant is required to serve written defenses to the Complaint on MICHAEL L. SCHWEBEL, ESQUIRE Plaintiff's attorney, whose address is ZIMMERMAN & FRACHTMAN, P.A., 6991 North State Road 7, Second Floor, Parkland, FL 33073, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

      WITNESS my hand and seal of the said Court.

                        DATED this_____day of      FEB 28 2022

                        CLERK OF THE CIRCUIT COURT

                        By:_____
                          As Deputy Clerk

**BRENDA D. FORMAN**

## IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN
## AND FOR BROWARD COUNTY, FLORIDA

Case No: C22-2857

Teresa Schiffbauer
Plaintiff

Judge Division: 21

VS

Walmart Stores Inc et al
Defendant

### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–73Civ/2020–74–UFC:
**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO
DISMISSED CIVIL OR FAMILY CASES",**

**The Clerk has conducted a search for all previous existing civil cases related to
these two parties.**

**Listed below are all the aforementioned related cases:** none



FILED
FEB 2 5 2022
By LF

Brenda D. Forman
Circuit and County Courts

By: _____ LF

Deputy Clerk

Filing # 145330238 E-Filed 03/08/2022 09:51:47 PM

## **RETURN OF SERVICE**

State of Florida                    County of Broward                    Circuit Court

Case Number: CACE-22-002857 DIV: 21

Plaintiff,:
**TERESA SCHIFFBAUER,**

vs.

Defendant,:
**WAL-MART STORES, INC., d/b/a WALMART SUPERCENTER, a foreigncorporation; WAL-MART STORES EAST, LP, a foreign limited partnership; and KRYSTAL CLEVENGER, s store manager,**

For:
Michael Schwebel, Esquire
Zimmerman & Frachtman, P.A.
6991 North State Road 7
Second Floor
Parkland, FL 33073

Received by Williams Process Service, Inc. on the 28th day of February, 2022 at 1:49 pm to be served on **Wal-Mart Stores, East, LP c/o CT Corporation System, Registered Agent, 1200 S. Pine Island Road, Plantation, FL 33324**

I, April D. Lewis, do hereby affirm that on the **1st day of March, 2022** at **1:10 pm, I:**

served a **CORPORATION** by delivering a true copy of the **20 Day Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Donna Moch** as **Authorized RA** for **Wal-Mart Stores, East, LP**, at the address of: **1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 57, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: 160, Hair: Dark Brown, Glasses: N

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true. I am over the age of eighteen, have no interest in the above action and am a Special Process Server in good standing in the circuit in which service was effected in accordance with State Statutes.

/ s / **April D. Lewis**
_____
**April D. Lewis**
SPS #1482

**Williams Process Service, Inc.**
**721 US Highway 1**
**Suite 121**
**North Palm Beach, FL 33408**
**(561) 881-1442**

Our Job Serial Number: WPS-2022003814

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2b



Filing # 145330238 E-Filed 03/08/2022 09:51:47 PM

# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Broward** | **Circuit Court** |

Case Number: CACE-22-002857 DIV: 21

Plaintiff,:
**TERESA SCHIFFBAUER,**

vs.

Defendant,:
**WAL-MART STORES, INC., d/b/a WALMART SUPERCENTER, a foreigncorporation; WAL-MART STORES EAST, LP, a foreign limited partnership; and KRYSTAL CLEVENGER, s store manager,**

For:
Michael Schwebel, Esquire
Zimmerman & Frachtman, P.A.
6991 North State Road 7
Second Floor
Parkland, FL 33073

Received by Williams Process Service, Inc. on the 28th day of February, 2022 at 1:49 pm to be served on **Wal-Mart Stores, Inc. d/b/a Walmart Supercenter c/o CT Corporation System, Registered Agent, 1200 S. Pine Island Road, Plantation, FL 33324**.

I, April D. Lewis, do hereby affirm that on the **1st day of March, 2022** at **1:10 pm, I:**

served a **CORPORATION** by delivering a true copy of the **20 Day Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Donna Moch** as **Authorized RA** for **Wal-Mart Stores, Inc. d/b/a Walmart Supercenter**, at the address of: **1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 57, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: 160, Hair: Dark Brown, Glasses: N

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true. I am over the age of eighteen, have no interest in the above action and am a Special Process Server in good standing in the circuit in which service was effected in accordance with State Statutes.

_/ s / April D. Lewis_

**April D. Lewis**
SPS #1482

**Williams Process Service, Inc.**
**721 US Highway 1**
**Suite 121**
**North Palm Beach, FL 33408**
**(561) 881-1442**

Our Job Serial Number: WPS-2022003813

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2b



Case 0:22-cv-60655-WPD Document 1-5 Entered on FLSD Docket 03/31/2022 Page 23 of 46

**IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA
*(CIVIL DIVISION)***

TERESA SCHIFFBAUER,          CASE NO.: CACE-22-002857

        Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

        Defendants.

_____/

## DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

     The undersigned law firm hereby designates, pursuant to Rule 2.516, the following e-mail

address for the purpose of service of all documents required to be served pursuant to Rule 2.516

in this proceeding:

Primary E-Mail Address:    service@lgplaw.com

Secondary E-Mail Addresses: cmm@lgplaw.com     ngn@lgplaw.com     sgs@lgplaw.com

                        ars@lgplaw.com     kfm@lgplaw.com

                   Respectfully submitted,

                   **LIEBLER, GONZALEZ & PORTUONDO**
                   *Attorneys for Defendant*
                   Courthouse Tower - 25th Floor
                   44 West Flagler Street
                   Miami, FL 33130
                   (305) 379-0400
                   service@lgplaw.com

     By:    */s/ Christine M. Manzo*_____
            CHRISTINE M. MANZO
            Florida Bar No. 52121
            NICHOLAS G. NEVILLE
            Florida Bar No. 123893

CASE NO.: CACE-22-002857

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th_____ day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Michael L. Schwebel   Esq.** (mschwebel@zimmermanfrachtman.com)(jsinger@zimmermanfrachtman.com)  ZIMMERMAN & FRACHTMAN, P.A.,  *Attorneys for Plaintiffs*,  6991 N. State Road 7, 2nd Floor, Parkland, Florida 33073.

/s/ Christine M. Manzo_____
CHRISTINE M. MANZO

Filing # 145460711 E-Filed 03/10/2022 01:01:45 PM

## IN THE CIRCUIT COURT OF THE
## 17TH JUDICIAL CIRCUIT IN AND FOR
## BROWARD COUNTY, FLORIDA
### *(CIVIL DIVISION)*

TERESA SCHIFFBAUER,                          CASE NO.: CACE-22-002857

        Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

        Defendants.

_____/

### NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that the law firm LIEBLER, GONZALEZ & PORTUONDO,

enters its appearance as counsel for WALMART INC. incorrectly named as WAL-MART

STORES, INC. and WAL-MART STORES EAST, LP in these proceedings. All parties are

requested to take notice of the appearance of undersigned counsel and to serve all copies of any

and all motions, orders, pleadings, papers, reports, and/or documents of any kind or nature upon

the undersigned counsel.

        Respectfully submitted,

        **LIEBLER, GONZALEZ & PORTUONDO**
        *Attorneys for Defendant*
        Courthouse Tower - 25th Floor
        44 West Flagler Street
        Miami, FL 33130
        (305) 379-0400
        service@lgplaw.com

By:    */s/ Christine M. Manzo*_____
        CHRISTINE M. MANZO
        Florida Bar No. 52121
        NICHOLAS G. NEVILLE
        Florida Bar No. 123893

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 03/10/2022 01:01:45 PM.****

CASE NO.: CACE-22-002857

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Michael L. Schwebel Esq.** (mschwebel@zimmermanfrachtman.com)(jsinger@zimmermanfrachtman.com) ZIMMERMAN & FRACHTMAN, P.A., *Attorneys for Plaintiffs*, 6991 N. State Road 7, 2nd Floor, Parkland, Florida 33073.

/s/ Christine M. Manzo
CHRISTINE M. MANZO

Filing # 145855177 E-Filed 03/16/2022 04:31:33 PM

**IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA
*(CIVIL DIVISION)***

TERESA SCHIFFBAUER,                                CASE NO.: CACE-22-002857

        Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager,

        Defendants.

_____/

**WAL-MART STORES EAST, LP'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, WAL-MART STORES EAST, LP ("Defendant"), through undersigned

counsel, files its Answer and Affirmative Defenses to Plaintiff's, TERESA SCHIFFBAUER

("Plaintiff"), Complaint, denies all allegations not specifically admitted herein and states the

following:

**GENERAL ALLEGATIONS**

1.    Defendant admits that Plaintiff is seeking damages in excess of $30,000.00, but

denies that Plaintiff is entitled to any damages, let alone a sum in excess of $30,000.00.

2.    Defendant admits that Plaintiff alleges that she is a resident of Broward County,

Florida.

3.    Defendant admits that co-Defendant Walmart Inc. incorrectly named as Wal-Mart

Stores, Inc. is a foreign corporation with its principal place of business in Arkansas.

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: CACE-22-002857

4.      Defendant admits that it is a foreign limited partnership with its principal place of business in Arkansas.

5.      Defendant objects as the term "parent company" is undefined and to the extent that Paragraph 5 of the Complaint calls for a legal conclusion.

6.      In response to the allegations in Paragraph 6 of the Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the allegations in Paragraph 6 of the Complaint and demands strict proof thereof.

7.      Defendant objects to the extent that Paragraph 7 calls for a legal conclusion.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint, and demands strict proof thereof.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint, and demands strict proof thereof.

10.     Defendant admits that it owns the property located at 5555 W. Atlantic Blvd., Margate, FL.

11.     In response to the allegations in Paragraph 11 of the Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the allegations in Paragraph 11 of the Complaint and demands strict proof thereof.

12.     Defendant objects to the extent that Paragraph 12 calls for a legal conclusion. If a response is required, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the allegations in Paragraph 12 of the Complaint and demands strict proof thereof.

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: CACE-22-002857

13.     In response to the allegations in Paragraph 13 of the Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the allegations in Paragraph 13 of the Complaint and demands strict proof thereof.

## COUNT I – NEGLIGENT AGAINST WAL-MART

Defendant reaffirms and realleges paragraphs 1 through 13 above as if fully set forth herein.

14-18.  Paragraphs 14 through 18 of the Complaint are not directed at Defendant Wal-Mart Stores East, LP. To the extent that a response is required, Defendant denies the allegations in Paragraphs 14-18 of the Complaint, and demands strict proof thereof.

## COUNT II – NEGLIGENT AGAINST WAL-MART STORES EAST, LP

Defendant reaffirms and realleges paragraphs 1 through 13 above as if fully set forth herein.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint, and demands strict proof thereof.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint, and demands strict proof thereof.

21.     Defendant denies the allegations in Paragraph 21(a)-(e) of the Complaint, and demands strict proof thereof.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint, and demands strict proof thereof.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint, and demands strict proof thereof.

## COUNT III – NEGLIGENCE AGAINST KRYSTAL CLEVENGER

Defendant reaffirms and realleges paragraphs 1 through 13 above as if fully set forth herein.

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: CACE-22-002857

24-26.  Paragraphs 24 through 26 of the Complaint are not directed at Defendant Wal-Mart Stores East, LP. To the extent that a response is required, Defendant denies the allegations in Paragraphs 24-26 of the Complaint, and demands strict proof thereof.

## <u>AFFIRMATIVE DEFENSES</u>

1.  **No Duty.** Defendant did not owe any duty to Plaintiff.

2.  **No Breach of Duty.** While denying all of the allegations of the Complaint regarding liability, injuries and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, Defendant states that such damages, if any, arose out of some event or exposure over which Defendant had no control or right to control. At all times relevant thereto, the allegedly dangerous condition referred to by Plaintiff in the Complaint, was neither created by Defendant nor did said condition exist upon the premises for a sufficient length of time that Defendant should have discovered said condition and corrected it or warned Plaintiff as to the existence of said condition. Therefore, Defendant did not breach any duty owed to Plaintiff.

3.  **Reasonableness.** Defendant acted in a reasonable manner under the circumstances.

4.  **Comparative Negligence.** If Plaintiff sustained damages by reason of the matters alleged in the Complaint, and said damages were caused in whole or in part by Plaintiff's own negligence, then Plaintiff is subject to the doctrine of comparative negligence, where Plaintiff's recovery will be diminished by an amount equal to Plaintiff's negligence, pursuant to Fla. Stat. §768.81(5). *See Hoffman v. Jones*, 280 So. 2d. 431 (Fla. 1973). Accordingly, Defendant affirms that it is entitled to the procedures, protections and benefits of §768.81, and asserts that all damages should be apportioned based upon the fault of any and all persons and/or entities who

CASE NO.: CACE-22-002857

may be at fault Plaintiff's alleged damages, if any. *See Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). Defendant states it is only responsible for its relative degree of culpability as determined by the trier of fact, pursuant to Florida Statute §768.81 and the Fabre doctrine. Defendant reserves the right to identify on the verdict form at this trial any non-party who is alleged to be wholly or partly negligent for Plaintiff's damages.

5.      **Failure to Use Reasonable Care.** If Plaintiff sustained damages as alleged in the Complaint, then Plaintiff failed and neglected to use reasonable care to protect herself, and to minimize and mitigate the losses and damages complained of in the Complaint.

6.      **Assumption of Risk.** Plaintiff knew of the existence of the danger complained of, realized and appreciated the possibility of injury, and having a reasonable opportunity to avoid it, voluntarily exposed herself to the danger.

7.      **Plaintiff Had Actual or Constructive Knowledge.** Plaintiff had actual or constructive knowledge of the allegedly dangerous condition, which was equal to or greater than Defendant's knowledge of said condition, wherefore and under these circumstances, Defendant is not liable.

8.      **Open and Obvious Peril.** The condition that Plaintiff complains of in the Complaint was open and obvious. Therefore, Defendant did not have a duty to warn Plaintiff of the condition.

9.      **Superseding Cause.** Plaintiff's alleged damages, if any, resulted from new and independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Defendant.

10.     **Proximate Cause.** While denying all of the allegations of Plaintiff's Complaint regarding liability, injury, and damages allegedly sustained by Plaintiff, to the extent that Plaintiff

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: CACE-22-002857

may be able to prove any negligence or fault on the part of Defendant, it was not the proximate cause of any of the damages at issue in the Complaint.

11.     **Failure to Mitigate Damages.** Plaintiff failed to mitigate, minimize, or avoid all or a portion of the damages which comprise Plaintiff's claims.

12.     **Failure to State Cause of Action.** Plaintiff's Complaint fails to state a cause of action.

13.     **Set-Off.** Defendant is entitled to a set-off for any collateral source payment, as expressed in Florida Statutes §768.76, that has been paid or are payable to or on behalf of Plaintiff, including a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses, or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 848 So. 2d 406 (Fla. 2d DCA 2003). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses assessed but waived or not actually incurred by Plaintiff.

14.     **Release of Claim.** To the extent Plaintiff signed any release or covenant not to sue, or accepted any money or consideration from any person, firm or entity with regard to the alleged incident, Defendant is entitled to the benefit thereof, such that Defendant's liability or responsibility for any damages determined by a jury, if any, is reduced or extinguished thereby.

15.     **Defendant Did Not Have Actual or Constructive Knowledge.** Defendant had no actual or constructive knowledge of the conditions that Plaintiff complains of.

16.     **Damages.** Without otherwise admitting to the validity of the allegations set forth in the Complaint, Defendant asserts that Plaintiff cannot recover for medical expenses where Plaintiff failed to prove the reasonableness and necessity of the purported medical expenses and/or that said medical expenses are related to the alleged incident.

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: CACE-22-002857

17.     **Collateral Sources.** Without otherwise admitting the validity of the allegations set forth in the Complaint, Defendant asserts that Plaintiff was the recipient of benefits from private health insurance and/or collateral sources and, therefore, Defendant is entitled to a set-off or a reduction of such sums received against any amount of verdict award that may be entered against Defendant. Plaintiff should not be entitled to recover any damages which would have been avoided had Plaintiff, or any medical provider who accepted assignment, mitigated same by submitting any bills for payment to health insurance or benefits, which would have resulted in reductions of amounts due.

18.     **Any Alleged Damages to be Reduced to Actual Cost of Care.** Without otherwise admitting the validity of the allegations set forth in the Complaint, Defendant asserts that medical benefits of private insurance carriers and/or government benefits (including but not limited to Medicare, Medicaid or other government entity benefit) should limit the amount that a plaintiff can board at trial to that amount which accurately reflects the actual cost of care, e.g. the amount of any lien, less any contractual reductions and/or write downs taken by any health insurance carrier or government health benefits. Defendant asserts a right of reduction and that it is improper to provide a jury with factually incorrect evidence upon which they are to base their verdict.

Defendant reserves the right to add more affirmative defenses as discovery is ongoing.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, demands judgment in its favor and against Plaintiff, TERESA SCHIFFBAUER, and for any other or further relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant, WAL-MART STORES EAST, LP, demands trial by jury of all issues by right so triable.

7

CASE NO.: CACE-22-002857

Respectfully submitted,

**Liebler Gonzalez & Portuondo**
*Attorneys for Defendants*
Courthouse Tower
25th Floor 44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Christine M. Manzo*
       CHRISTINE M. MANZO
       Florida Bar No. 52121
       NICHOLAS G. NEVILLE
       Florida Bar No. 123893

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Michael L. Schwebel Esq.**, (mschwebel@zimmermanfrachtman.com)(jsinger@zimmermanfrachtman.com), ZIMMERMAN & FRACHTMAN, P.A., *Attorneys for Plaintiff*, 6991 N. State Road 7, 2nd Floor, Parkland, Florida 33073.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO

Filing # 145906786 E-Filed 03/17/2022 12:35:55 PM

## IN THE CIRCUIT COURT OF THE
## 17TH JUDICIAL CIRCUIT IN AND FOR
## BROWARD COUNTY, FLORIDA
### *(CIVIL DIVISION)*

TERESA SCHIFFBAUER,                              CASE NO.: CACE-22-002857

        Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

        Defendants.

_____/

### NOTICE OF HEARING VIA ZOOM CONFERENCE
*(5-Minute Motion Calendar)*

        NOTICE IS HEREBY GIVEN that the undersigned will call up for hearing the
following:

### DEFENDANT WALMART INC.'S MOTION TO DISMISS COMPLAINT

        JUDGE:      Michele Towbin Singer

        DATE:       Monday, April 11, 2022

        TIME:       8:45 AM

        ZOOM:      https://zoom.us/j/91926028850

                  Meeting ID: 919 2606 8850

PLEASE BE GOVERNED ACCORDINGLY.

**If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Please contact the ADA Coordinator in the
Office of the Court Administrator; Cheryl Anderson, Broward County
Courthouse, 201 SE 6th Street, Room 880, Fort Lauderdale, FL 33301; (954)
831-7721; within 2 working days of receipt of this Notice of Hearing; if you are
hearing or voice impaired, call 711.**

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: CACE-22-002857

## CERTIFICATION

____X____  Movant's attorney has conferred with the attorney(s) for all parties who may be affected by the relief sought in the motion in a good faith effort to resolve or narrow the issues raised.

_____  Movant's attorney has attempted to confer with the attorney(s) for all parties who may be affected by the relief sought in the motion.

_____  One or more of the parties who may be affected by the motion are self-represented.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:     /s/ *Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th___ day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Michael L. Schwebel Esq.** (mschwebel@zimmermanfrachtman.com)(jsinger@zimmermanfrachtman.com) ZIMMERMAN & FRACHTMAN, P.A., *Attorneys for Plaintiffs*, 6991 N. State Road 7, 2nd Floor, Parkland, Florida 33073.

/s/ *Christine M. Manzo*
CHRISTINE M. MANZO

Filing # 145890090 E-Filed 03/17/2022 10:33:55 AM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO: CACE-22-002857

TERESA SCHIFFBAUER,

      Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

      Defendants.

_____/

## PLAINTIFF'S REPLY TO DEFENDANT, WAL-MART STORES EAST, LP'S AFFIRMATIVE DEFENSES

Plaintiff, TERESA SCHIFFBAUER, by and through her undersigned counsel, files her reply to

Defendant, WAL-MART STORES EAST, LP.'s Affirmative Defenses filed on March 16, 2022, as

follows:

1.   Plaintiff denies each and every affirmative defense and demands strict proof thereof.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Electronic Mail on this 17th day of March, 2022 to all counsel of record.

          ZIMMERMAN & FRACHTMAN, P.A.
          *Attorneys for Plaintiffs*
          6991 N. State Road 7, 2nd Floor
          Parkland, FL 33073
          Telephone:(954) 509-1900
          Facsimile:(954) 509-9910

      By: */s/ Michael L. Schwebel*
          MICHAEL L. SCHWEBEL
          Florida Bar No.: 51544
          mschwebel@zimmermanfrachtman.com
          jsinger@zimmermanfrachtman.com

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**IN THE CIRCUIT COURT OF THE**
**17TH JUDICIAL CIRCUIT IN AND FOR**
**BROWARD COUNTY, FLORIDA**
***(CIVIL DIVISION)***

TERESA SCHIFFBAUER,                    CASE NO.: CACE-22-002857

        Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

        Defendants.

_____/

### DEFENDANT WALMART INC.'S MOTION TO DISMISS COMPLAINT

Defendant Walmart Inc. incorrectly named as Wal-Mart Stores, Inc. ("Defendant"), through undersigned counsel, moves to dismiss the Complaint with prejudice and as grounds states:

Plaintiff's claim fails because Walmart Inc. did not and does not own the subject property. Plaintiff alleges that Defendant was the owner of the property located at 5555 W. Atlantic Blvd., Margate, Florida. *Compl.* ¶9.[1] Plaintiff also alleges that Defendant failed to (1) properly maintain and examine products and merchandise for safety, (2) exercise reasonable care in the inspection of products and merchandise, (3) exercise reasonable care in the inspection of the subject car battery, and (4) warn Plaintiff of the dangerous condition. Plaintiff also alleges that the dangerous condition was regularly occurring and, therefore, foreseeable. *Id.* ¶16(a)-(e).[2] However, Defendant Walmart Inc. did not and does not own the property. At the time of the alleged incident and now,

---

[1] Plaintiff also alleges that co-Defendant Wal-Mart Stores East, LP owns the subject property. *Compl.* ¶10.

[2] Plaintiff makes the exact same allegations against co-Defendant Wal-Mart Stores East, LP. *Compl.* ¶21(a)-(e).

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: CACE-22-002857

the property was and is owned by Walmart Stores East, LP. A copy of the Broward Property Appraiser's records is attached as **Exhibit A**. Therefore, Defendant did not owe Plaintiff a duty and is not liable under the negligence claim.

WHEREFORE, Defendant Walmart Inc. incorrectly named as Wal-Mart Stores, Inc. moves for dismissal with prejudice, together with such other relief that the Court deems just and proper.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendants*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:*/s/ Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ____17th____ day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Michael L. Schwebel Esq.** (mschwebel@zimmermanfrachtman.com)(jsinger@zimmermanfrachtman.com) ZIMMERMAN & FRACHTMAN, P.A., *Attorneys for Plaintiffs*, 6991 N. State Road 7, 2nd Floor, Parkland, Florida 33073.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO

# Exhibit "A"



## MARTY KIAR
## BR⬩WARD
### PROPERTY APPRAISER

| Site Address | **5555 W ATLANTIC BOULEVARD, MARGATE FL 33063** | | ID # | 4841 36 06 0019 |
|---|---|---|---|---|
| Property Owner | WAL-MART STORES EAST LP | | Millage | 1212 |
| Mailing Address | PO BOX 8050 BENTONVILLE AR 72712 | | Use | 13 |

| Abbr Legal Description | MARGATE REALTY NO 1 42-42 B & LAKEWOOD COMMERCIAL SUB 120-27 B PT OF SHOPPING CENTER TR(42-42B) & POR TR A(120-27B) DESC IN ORB 36097/499 B, LESS POR OF SHOPPING CENTER TR(42-42B) DESC IN ORB 37291/621 B FOR RD R/W, & LESS ANOTHER POR OF SHOPPING CENTER TR(42-42B) DESC AS: COMM E1/4 SEC 36-48-41, W 746.71, N 55.83 TO POB, CONT N 167.20, N 24.71, E 209.29 TO P/C, SELY 7.82 TO P/T, S 157.31, W 19, S 25.08, W 190.42 TO POB |
|---|---|

**The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).**

| * 2022 values are considered "working values" and are subject to change. |
|---|

### Property Assessment Values

| Year | Land | Building / Improvement | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| **2022*** | $4,602,700 | $7,000,770 | $11,603,470 | $11,603,470 | |
| 2021 | $4,921,540 | $7,078,460 | $12,000,000 | $12,000,000 | $262,580.40 |
| 2020 | $4,921,540 | $7,078,460 | $12,000,000 | $12,000,000 | $262,165.20 |

### 2022* Exemptions and Taxable Values by Taxing Authority

| | County | School Board | Municipal | Independent |
|---|---|---|---|---|
| Just Value | $11,603,470 | $11,603,470 | $11,603,470 | $11,603,470 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH | $11,603,470 | $11,603,470 | $11,603,470 | $11,603,470 |
| Homestead | 0 | 0 | 0 | 0 |
| Add. Homestead | 0 | 0 | 0 | 0 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $11,603,470 | $11,603,470 | $11,603,470 | $11,603,470 |

### Sales History

| Date | Type | Price | Book/Page or CIN |
|---|---|---|---|
| 1/20/2006 | DRR | $100 | **41316 / 1641** |
| 9/10/2003 | WD | $4,991,800 | **36097 / 499** |
| | | | |
| | | | |

### Land Calculations

| Price | Factor | Type |
|---|---|---|
| $8.00 | 575,338 | SF |
| | | |
| | | |

| **Adj. Bldg. S.F.** (Card, Sketch) | 153652 |
|---|---|

| **Eff./Act. Year Built: 2005/2004** |
|---|

### Special Assessments

| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Please Note: The City of Margate levies a non-ad valorem fire assessment.
The fire assessment, if any, is not included in the tax amounts shown above.

Filing # 146058972 E-Filed 03/21/2022 10:17:57 AM

## AFFIDAVIT OF SERVICE

**State of Florida**          **County of Broward**                    **Circuit Court**

Case Number: CACE-22-002857 DIV: 21

Plaintiff,: TERESA SCHIFFBAUER,
vs.
Defendant,: WAL-MART STORES, INC., d/b/a WALMART
SUPERCENTER, a foreigncorporation; WAL-MART STORES EAST,
LP, a foreign limited partnership; and KRYSTAL CLEVENGER, s
store manager,

For:
Michael Schwebel, Esquire
Zimmerman & Frachtman, P.A.
6991 North State Road 7
Second Floor
Parkland, FL 33073

Received by WILLIAMS PROCESS SERVICE on the 10th day of March, 2022 at 1:57 pm to be served
on KRYSTAL CLEVENGER C/O WALMART SUPERCENTER, 5555 W Atlantic Blvd, Margate, FL
33063.

I, JENNA ADAME, being duly sworn, depose and say that on the 16th day of March, 2022 at 8:34 pm,
I:

SUBSTITUTE served by delivering a true copy of the Summons and Complaint to: Johnny Clevenger
as Spouse at the address of: 2774 CASCADE DR, Clarksville, TN 37042, the within named person's
usual place of Abode, who resides therein, who is fifteen (15) years of age or older and informed said
person of the contents therein, in compliance with state statutes.

Military Status: Based upon inquiry of party served, Defendant is not in the military service of the
United States of America.

Marital Status: Based upon inquiry of party served, Defendant is married.

Description of Person Served: Age: 44, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 190,
Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in
good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 17th
day of March 2022 by the affiant
who is personally known to me.

NOTARY PUBLIC

Andrea D. Rue
Notary Public, ID KYNP28992
State at Large, Kentucky
My Commission Expires on May 12, 2025

JENNA ADAME
Process Server
03 / 17 / 2022
Date

WILLIAMS PROCESS SERVICE
721 US HIGHWAY 1
SUITE 113
NORTH PALM BEACH, FL 33408
(561) 881-1442

Our Job Serial Number: WPS-2022003948

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h

Doc ID: ecf880ddf287e677b7d211e280a1c5c503154c43

Filing # 146396390 E-Filed 03/24/2022 07:55:55 PM

**IN THE CIRCUIT COURT OF THE**
**17TH JUDICIAL CIRCUIT IN AND FOR**
**BROWARD COUNTY, FLORIDA**
*(CIVIL DIVISION)*

TERESA SCHIFFBAUER,                        CASE NO.: CACE-22-002857

        Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

        Defendants.

_____/

**DEFENDANT'S NOTICE OF**
**SERVING DISCOVERY REQUESTS TO PLAINTIFF**

    Defendant, WAL-MART STORES EAST, LP (hereinafter, "Defendant"), by and through

undersigned counsel, hereby files its Notice of Serving Defendant's First Set of Interrogatories,

First Request for Production and First Request for Admissions to Plaintiff, TERESA

SCHIFFBAUER, served on March 24, 2022.

                Respectfully submitted,

                **LIEBLER, GONZALEZ & PORTUONDO**
                *Attorneys for Defendant*
                Courthouse Tower - 25th Floor
                44 West Flagler Street
                Miami, FL 33130
                (305) 379-0400
                service@lgplaw.com

        By:   */s/ Nicholas G. Neville*_____
                CHRISTINE M. MANZO
                Florida Bar No. 52121
                NICHOLAS G. NEVILLE
                Florida Bar No. 123893

\*\*\* FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 03/24/2022 07:55:54 PM.\*\*\*\*

CASE NO.: 2021-010706-CA-01

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Michael L. Schwebel Esq.** (mschwebel@zimmermanfrachtman.com)(jsinger@zimmermanfrachtman.com) ZIMMERMAN & FRACHTMAN, P.A., *Attorneys for Plaintiffs*, 6991 N. State Road 7, 2nd Floor, Parkland, Florida 33073.

/s/ Nicholas G. Neville
NICHOLAS G. NEVILLE

Filing # 146780444 E-Filed 03/31/2022 10:32:45 AM

**IN THE CIRCUIT COURT OF THE**
**17TH JUDICIAL CIRCUIT IN AND FOR**
**BROWARD COUNTY, FLORIDA**
*(CIVIL DIVISION)*

TERESA SCHIFFBAUER,      CASE NO.: CACE-22-002857

    Plaintiff,

v.

WAL-MART STORES, INC.,
d/b/a WALMART SUPERCENTER, a
foreign corporation; WAL-MART STORES
EAST, LP, a foreign limited partnership; and
KRYSTAL CLEVENGER, as store manager;

    Defendants.

_____/

**NOTICE OF CANCELLATION OF HEARING VIA ZOOM CONFERENCE**
*(5-Minute Motion Calendar)*

   NOTICE IS HEREBY GIVEN that the undersigned have **cancelled** the following
hearing:

**DEFENDANT WALMART INC.'S MOTION TO DISMISS COMPLAINT**

     JUDGE:  Michele Towbin Singer

     DATE:  Monday, April 11, 2022

     TIME:  8:45 AM

     ZOOM:  https://zoom.us/j/91926028850

         Meeting ID: 919 2606 8850

PLEASE BE GOVERNED ACCORDINGLY.

**If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Please contact the ADA Coordinator in the
Office of the Court Administrator; Cheryl Anderson, Broward County
Courthouse, 201 SE 6th Street, Room 880, Fort Lauderdale, FL 33301; (954)
831-7721; within 2 working days of receipt of this Notice of Hearing; if you are
hearing or voice impaired, call 711.**

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: CACE-22-002857

## CERTIFICATION

___X___ Movant's attorney has conferred with the attorney(s) for all parties who may be affected by the relief sought in the motion in a good faith effort to resolve or narrow the issues raised.

_____ Movant's attorney has attempted to confer with the attorney(s) for all parties who may be affected by the relief sought in the motion.

_____ One or more of the parties who may be affected by the motion are self-represented.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:     /s/ *Christine M. Manzo*_____
        CHRISTINE M. MANZO
        Florida Bar No. 52121
        NICHOLAS G. NEVILLE
        Florida Bar No. 123893

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st____ day of March, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Michael L. Schwebel Esq.** (mschwebel@zimmermanfrachtman.com)(jsinger@zimmermanfrachtman.com) ZIMMERMAN & FRACHTMAN, P.A., *Attorneys for Plaintiffs*, 6991 N. State Road 7, 2nd Floor, Parkland, Florida 33073.

/s/ *Christine M. Manzo*_____
CHRISTINE M. MANZO
