UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60655-CIV-DIMITROULEAS

TERESA SCHIFFBAUER,

    Plaintiff,

v.

WAL-MART STORES, INC. d/b/a
WALMART SUPERCENTER, a foreign
corporation, and WAL-MART STORES EAST, LP
a foreign limited partnership,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' CORRECTED MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant Wal-Mart Stores East, LP and Walmart, Inc. ("Defendants" or "Wal-Mart")'s Corrected Motion for Summary Judgment [DE 30], filed on January 9, 2023. The Court has carefully considered the Motion, Plaintiff Teresa Schiffbauer ("Plaintiff" or "Schiffbauer")'s Amended Response in Opposition [DE 42], Wal-Mart's Reply [DE 47], the statements of material facts [DEs 31, 41, 48], the exhibits and affidavits filed in the record, and is otherwise fully advised in the premises.

**I.    BACKGROUND**[1]

On February 23, 2022, Plaintiff filed this action for negligence arising from injuries Plaintiff allegedly suffered when she handled a car battery that was missing its protective cap at a

---

[1] Defendants' corrected statement of material facts, Plaintiff's response thereto, and Defendants' response to Plaintiff's additional facts includes various citations to specific portions of the record. Defendants' corrected statement of material facts [DE 31] is cited as ("DSMF"), Plaintiff's response [DE 41] is cited as ("PSMF"), and Defendants' response to Plaintiff's additional facts [DE 48] is cited as ("DRSMF"). Any citations herein to the statement of facts and responses should be construed as incorporating those citations to the record.

Wal-Mart store. *See* [DE 1-1]. On March 31, 2022, Defendants removed this case to federal court. *See* [DE 1].

On October 15, 2020, Plaintiff visited a Wal-Mart store located in Margate, Broward County, Florida because her friend needed car batteries. DSMF ¶¶ 1-2; PSMF ¶¶ 1-2. Upon arrival, Plaintiff began a video call with her friend to ask him the numbers of the car batteries to purchase. DSMF ¶ 3; PSMF ¶¶ 3, 60; DRSMF ¶ 60. According to Plaintiff:

> I remember grabbing [a car battery], putting it in the cart, and grabbing another one, put it in the car again, the second one. And I'm still video talking to him, and he's telling me, Cris—because he calls by my middle name—Cristina, get off the phone, put that phone aside, there's no casket [sic] in the battery. But it was already too late because it had already splashed all over my hands, on my shirt. And stupid me, I grabbed the battery again and I put it back on the shelf. And that's when I started feeling and noticing my hand getting blisters, and it was itching and burning.

DSMF ¶ 4; PSMF ¶¶ 4, 61-65; DRSMF ¶¶ 61-65. Plaintiff initially thought the substance was water, but her friend told her it was car battery acid. DSOF ¶ 15; PSOF ¶¶ 15, 67; DRSOF ¶ 67.

After the incident, Plaintiff called the paramedics, who recommended Plaintiff go to the hospital. DSOF ¶¶ 34-35; PSOF ¶¶ 34-35. At the hospital, Plaintiff's chief complaint was noted as acid exposure due to battery acid on both hands from a car battery, and the healthcare providers' primary impression was "acid burn." PSOF ¶¶ 74-75; DRSOF ¶¶ 74-75.

## II.  STANDARD OF REVIEW

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the

outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

### III. DISCUSSION

To prevail on her negligence claim against Wal-Mart, Plaintiff must establish the following: "(1) a duty to the plaintiff; (2) the defendant's breach of that duty; (3) injury to the plaintiff arising from the defendant's breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant's breach of duty." *See Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011) (*citing Westchester Exxon v. Valdes*, 524 So.2d 452, 454 (Fla. 3d DCA 1988)). Moreover, under Florida law, a business owner—here, Wal-Mart—owes two duties to a business invitee, such as Plaintiff: (1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been

known to the owner and of which the invitee could not discover. *Id.*

In this case, Wal-Mart argues that Plaintiff failed to demonstrate the elements of duty, breach, and causation. The Undersigned referred Wal-Mart's causation argument, which sought to exclude Dr. James W. Fletcher's testimony pursuant to Fed. R. Civ. P. 26, to Magistrate Judge Valle. *See* [DE 32]. On April 14, 2023, Judge Valle denied Wal-Mart's request, finding that: (i) Plaintiff was not required to provide a more detailed Rule 26(a)(2)(B) expert report; and (2) Plaintiff's Rule 26(a)(2)(C) expert disclosure sufficiently described the subject matter of the Dr. Fletcher's testimony and the facts and opinions to which Dr. Fletcher is expected to testify. *See* [DE 52]. The Court now turns to Wal-Mart's remaining arguments.

Wal-Mart's primary argument as to why Plaintiff cannot prove the duty and breach elements of her negligence claim is that Plaintiff has produced no evidence that Wal-Mart had actual or constructive notice of the dangerous condition. "Where an invitee has been injured by a dangerous condition on a business premises and seeks to recover damages from the premises owner, the invitee ordinarily must establish that the premises owner had either actual or constructive knowledge or notice of the dangerous condition." *Khorran v. Harbor Freight Tools USA, Inc.*, 251 So. 3d 962, 965 (Fla. 2d DCA 2018) (holding that notice was an element of a claim for negligence involving an object that fell on a customer in a store); *see also Lisanti v. City of Port Richey*, 787 So. 2d 36, 37 (Fla. 2d DCA 2001) ("The elements for negligence are duty, breach, harm, and proximate cause; the additional elements for a claim of premises liability include the defendant's possession or control of the premises and notice of the dangerous condition."); *see also St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039, 1042 (Fla. 2d DCA 2004) (holding that a defendant has no duty to warn of a danger of which it had no knowledge). "The landowner's constructive notice of a dangerous condition may be inferred from either '1) the

4

amount of time [the dangerous condition existed], or 2) the fact that the condition occurred with such frequency that the owner should have known of its existence.'" *Thompson v. Poinciana Place Condo. Ass'n, Inc.*, 729 So. 2d 457, 458 (Fla. 4th DCA 1999) (quoting *Schaap v. Publix Supermkts., Inc.*, 579 So. 2d 831, 834 (Fla. 1st DCA 1991)); *see also Khorran*, 251 So. 3d at 965.

Here, there is no indication that Wal-Mart had actual knowledge of the car battery missing its protective cap, and Plaintiff makes no attempt to argue that Wal-Mart had actual knowledge of such a condition. Nor does Plaintiff argue that the condition occurred with such frequency that Wal-Mart should have known of its existence. Accordingly, the issue in this case is whether there is evidence that the condition existed for such a length of time that Wal-Mart should have known about the condition.

To support her constructive knowledge argument, Plaintiff argues that Wal-Mart's policies concerning inspections of car batteries were inadequate and not followed. In its store policies, Wal-Mart acknowledges that batteries sold in their stores contain sulfuric acid, which is corrosive to skin and clothing. PSOF ¶ 47; DRSOF ¶ 47. The policy states that following company procedures for handling and storing batteries will prevent injuries and property damage. PSOF ¶ 48; DRSOF ¶ 48. Among other procedures, Wal-Mart requires employees to check the battery rack for acid spills during safety sweeps. PSOF ¶ 53; DRSOF ¶ 53. According to Plaintiff, there is no evidence that a safety sweep was conducted for at least one hour prior to her injury despite testimony from a Wal-Mart employee that safety sweeps were to occur each hour. To support her argument, Plaintiff invites the Court to consider videos from the day of the incident, which she argues show no Wal-Mart employee present in the car battery area for approximately one hour and ten minutes prior to Plaintiff's injury. PSOF ¶¶ 106-120.

There are three problems with Plaintiff's argument. First, "a failure to conduct regular inspections or to inspect in accordance with established policy does not," on its own, "constitute constructive notice." *McNeal v. Walmart Stores E., LP*, No. 2:21-CV-711-SPC-NPM, 2023 WL 145012, at *6 (M.D. Fla. Jan. 10, 2023) (collecting cases); *Espinoza v. Target Corp.*, 843 F. App'x 168, 172 (11th Cir. 2021) ("'[T]he fact that there was no inspection for a given length of time in itself provides no proof that the defect was actually there for a sufficient period to place a landowner on reasonable notice of its existence.'") (citing *Wal-Mart Stores, Inc. v. King*, 592 So. 2d 705, 707 (Fla. 5th DCA 1991)); *Borroto v. Wal-Mart Stores E., LP,* No. 2:19-cv-356-FtM-39NPM, 2020 WL 6591193, at *5 (M.D. Fla. Nov. 10, 2020) (citations omitted) ("[I]f no inspection occurred for over an hour, that is not enough to show constructive notice on its own.").

Second, Plaintiff admits that the video footage does not show the exact location of the incident. *See* PSOF ¶ 113. While Plaintiff argues that the videos show "all of the immediate, close, adjacent, and surrounding areas of the subject area," the Court agrees with Wal-Mart that this is not evident. And even if a jury could reasonably infer that no safety sweep was conducted based on the video evidence alone, Plaintiff has presented no evidence to establish that the condition existed for such a length of time that Wal-Mart's employees, through ordinary care, should have uncovered it had they inspected. *See McNeal*, 2023 WL 145012, at *7 (holding that even if plaintiff could present evidence that defendant failed to inspect or adhere to inspection policies, plaintiff "would then have to present evidence that failing to inspect contributed to [defendant]'s constructive notice, which is to say that it helps establish a timeline for the presence" of the dangerous condition). Therefore, regardless of Wal-Mart's policies, Plaintiff has

not produced evidence from which a reasonable jury could conclude that Wal-Mart had constructive knowledge of the dangerous condition.

Third, Plaintiff has produced no evidence demonstrating that Wal-Mart's policies concerning inspections of car batteries were inadequate or that Wal-Mart otherwise failed to maintain its store in a reasonably safe condition. *See St. Joseph's Hosp*, 891 So. 2d at 1041 ("[T]he mere occurrence of an accident does not give rise to an inference of negligence."). And Plaintiff's subjective belief that an inspection done once per hour is inadequate, standing alone, does not create a genuine issue of material fact that precludes summary judgment.[2]

Plaintiff's remaining arguments, which primarily rely on the "dangerous nature" of the substance at issue and the "spirit of Florida law," are inapposite. For example, Plaintiff asserts that car batteries contain sulfuric acid, and then cites to a case concerning Florida's Water Quality Assurance Act, which imposes strict liability for the discharge of certain pollutants. *See* [DE 42] at pp. 1-2 (citing *Lieupo v. Simon's Trucking, Inc.*, 286 So. 3d 143 (Fla. 2019)). But this is not an action premised on the Water Quality Assurance Act or strict liability; it is an action for negligence.

In sum, Plaintiff must provide evidence from which a jury could reasonably infer that Wal-Mart knew or should have known of the dangerous condition. Such "an inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist." *Strode v. Wal-Mart Stores, Inc.*, No. 21-13470,

---

[2] The Court notes that there is no indication that Plaintiff seeks to hold Wal-Mart liable for negligence based upon a theory of negligent mode of operation. "[T]he negligent mode of operation theory merely recognizes the common-sense proposition of negligence law that the duty of care required under the circumstances may consist of taking reasonable precautions so as to minimize or eliminate the likelihood of a dangerous condition arising in the first instance." *Markowitz v. Helen Homes of Kendall Corp.,* 826 So.2d 256, 260 (Fla. 2002). In any event, Plaintiff has failed to point to any evidence that Wal-Mart employed a negligent mode of operating its store that led to her alleged injury.

2022 WL 1641602, at *2 (11th Cir. May 24, 2022) (citing *Siew v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) (internal quotations omitted); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). Because Plaintiff has failed to do so, summary judgment is appropriate.[3]

### IV.  CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Wal-Mart's Corrected Motion for Summary Judgment [DE 30] is **GRANTED**; and

2. Pursuant to Fed. R. Civ. P. 58(a), the Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of April, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

---

[3] Because Wal-Mart is entitled to summary judgment for this reason alone, the Court does not reach Wal-Mart's argument regarding whether the dangerous condition was open and obvious.